S. A. MILLER, TRUSTEE, ETC., v. S. B. LACY AND OTHERS.

1. Negroes were hired out by public outcry for the year 1864, and written terms of the hiring were read to the bidders, notifying them of the conditions of the hiring, and that they would be required to give approved notes for the hires, and bonds with security for compliance with the other conditions. No reference to Confederate money was made in these written terms, nor in the note now sued on, which was executed for the hire of one of the negroes, and was payable in " dollars and cents." The defense was that the note was payable in Confederate money. *He'd*, that the written contract, evidenced by the note and by the published terms, imports payment of the note in legal tender; and that it was error to instruct the jury to the effect that this written contract could be controlled or varied by verbal representations of the contract, made by the payor or his agent in the presence of the payee, and not expressly contradicted by the latter.

2. *Held, further*, on the case above stated, that it was error to refuse to instruct the jury that the plaintiff was entitled to recover, unless there was an agreement between the parties, at the time the note was given, that it should be payable in Confederate money.

ERROR from Houston. Tried below before the Hon. Samuel L. Earle.

The evidence in any way tending to establish the defense was to the effect that Confederate money was the currency of the country at the time; that some other parties had hired negroes for Confederate money about the same time; that the negro for whose hire this note for $300 was given would not have hired for more than $20 in coin, etc.

It was also testified by one witness that the auctioneer was questioned as to the kind of money he was hiring for; that he answered "first one thing and then another," saying " dollars and cents," " chips or whetstones," and that anything Mr. Miller, the plaintiff, would take would do; to which the plaintiff, who was present, made no reply.

The auctioneer, himself, however, testified that the terms of the sale were read aloud by him to the bidders, and that he was governed by them; that when asked what kind of money would be taken, he answered that he hired for money, dollars and cents.

The terms of sale, as well as the note sued on, were read in evidence to the jury. In neither of them is there any allusion to the kind of dollars and cents stipulated to be paid.

The opinion of the court states all other facts of any significance.

*S. A. Miller, in propria persona,* for the plaintiff in error.

No brief for the defendants in error.

MORRILL, C. J.—This suit was brought by Miller, as trustee of minors, upon a promissory note executed by the defendants on the first of January, 1864, due at twelve months, in consideration of the hire of certain negroes during the year 1864.

The note called for dollars and cents. The defense set up is, that the note was to be paid in Confederate money. The jury found for the defendants.

The testimony introduced is conclusive that the terms of hiring were read publicly at and before the hiring, and that by these terms the slaves were hired for twelve months, the persons hiring to execute their notes for the sums agreed to be paid. Nothing in these terms was said relative to Confederate money. We have waded through the whole testimony, and although there was a great deal of talk about Confederate money, its value, its universal use, as well as the value of slaves during the year 1864, yet there is not one word of the testimony which goes to prove that the plaintiff agreed that the hire was for Confederate money.

The judge charged the jury " that if the promissory note was, according to the understanding of both parties, or by the representation of the payor of the note, or his agent, in his presence

and within his hearing, he not contradicting the statements, to be paid in Confederate States Treasury notes, the plaintiff is not entitled to recover on said note."

The judge was requested to charge the jury—

First—That the legal meaning of the terms dollars and cents is specie, that is gold and silver, or whatever thing or article or paper the laws of the United States [declare] to be a legal tender.

Second—That the words dollars in the note sued on legally mean specie, or legal tender notes of the United States.

Third—If the jury believe, from the testimony, that written terms of hiring were read to the people assembled at the hiring, at which the note sued on was given for the hire of a negro, the written instructions and terms thus read must govern the hiring and control the rights of the parties.

Fourth—That unless the jury believe from the testimony that there was an understanding and agreement between both parties, the plaintiff and the defendant, at the time of making the note, that it should be paid at maturity in Confederate money, then the plaintiff is entitled to a verdict for the full amount of the note and interest.

This he refused to give to the jury.

The judge, in the charge given, would make a written agreement yield to a parol one; and not only so, but would make what one of the parties of the contract, or his agent even, stated in the presence of the other party, to be the contract, of paramount importance to the written contract, unless expressly contradicted verbally.

The requested charges are good law, and ought to have been given.

The judgment is reversed, so far as relates to the promissory note sued on, and such judgment here entered as should have been given by the district court.

Reversed and rendered.